874 00 bee
00 IFP

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

DANIEL BENJAMIN FLEISCHMAN,

Plaintiff,

Case No.: 2:26-2305

v.

JURY TRIAL DEMANDED

ROBERT WATTS; JENNIFER RAMIREZ; SHANNON L. FORGIT; HUGHLAN BENNETT; the SECRETARY OF THE FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, in an official capacity only; and JOHN DOES 1–5 (the unidentified persons who received, disclosed, or used Plaintiff's personal information obtained through the queries alleged herein, whose identities are presently unknown to Plaintiff and are expected to be revealed in discovery),

RECEIVED
OCT 23 2026
CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

Defendants.
_______________________________________/

**VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF UNDER THE DRIVER'S PRIVACY PROTECTION ACT, 18 U.S.C. §§ 2721–2725, AND 42 U.S.C. § 1983**

Plaintiff Daniel Benjamin Fleischman sues the Defendants named above and alleges:

## NATURE OF THE ACTION

1. Over nine days in May and June 2024, three DCF users ran Plaintiff's driver and vehicle record eleven times under the generic entry "004 - Child or

Adult Protective Services," with no intake or case number, and between them pulled his Driver History, his Photo and Signature Array, his Addresses, and his Prior Vehicles.

2. Plaintiff is a father who was raising child-safety concerns about another adult. He sues because a protective-services label does not license a full pull of a parent's photograph, signature, driving history, and vehicle history unless an actual protective investigation required it.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4). The DPPA confers a civil action in "a United States district court." 18 U.S.C. § 2724(a).

4. Plaintiff resides in this District at Ambridge, Beaver County, Pennsylvania, where he received and continues to sustain the injury alleged here. The Defendants reside in the Middle District of Florida, and the DAVID queries alleged here were made in Polk County, Florida. Plaintiff brings this action in the district of his residence and of his injury, where he litigates pro se. Plaintiff affirmatively consents to transfer. If this Court concludes that the action should proceed in the Middle District of Florida, Plaintiff requests transfer to that District under 28 U.S.C. § 1404(a), or under 28 U.S.C. § 1406(a) if the Court determines that venue here is improper, and asks the Court to transfer rather than dismiss. This

Court ordered that disposition in Plaintiff's related action, Fleischman v. The Schools of McKeel Academy, Inc., No. 2:26-cv-01778 (W.D. Pa.), now docketed in the Middle District of Florida as No. 8:26-cv-02483-MSS-NHA. Plaintiff states his consent now so that transfer may be ordered without further briefing. Because Plaintiff's DPPA claims are governed by the four-year limitations period of 28 U.S.C. § 1658(a), see Foudy v. Indian River County Sheriff's Office, 845 F.3d 1117 (11th Cir. 2017), transfer under § 1406(a) rather than dismissal preserves the date of filing for limitations purposes. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962).

**PARTIES**

5. Plaintiff Daniel Benjamin Fleischman is a natural person and a citizen of the United States. He held a Florida driver license, lived in Polk County, Florida until late July 2025, and has resided in Pennsylvania since then. He is "the individual to whom the information pertains" under 18 U.S.C. § 2724(a).

6. Plaintiff is the father of a minor son who lives in Polk County, Florida, and is a party to Polk County family proceedings including Case No. 2019DR003499 (custody) and Case No. 2025DR002205 (an injunction proceeding brought by the child's mother). Since 2024 he has reported child-safety concerns to courts, agencies, and the public, has sued Polk County officials in the Middle

District of Florida, and has petitioned the Polk County Sheriff's Office ("PCSO") in writing.

7. Defendant Robert Watts is a DCF employee, held DAVID credentials issued through the Florida Department of Children and Families ("DCF"), and is the user FLHSMV identifies for the queries attributed to that Defendant below (Exhibit 1). Robert Watts is a "person" under 18 U.S.C. § 2725(2), acted under color of state law, and is sued in an individual capacity.

8. Defendant Jennifer Ramirez is a DCF employee, held DAVID credentials issued through the Florida Department of Children and Families ("DCF"), and is the user FLHSMV identifies for the queries attributed to that Defendant below (Exhibit 1). Jennifer Ramirez is a "person" under 18 U.S.C. § 2725(2), acted under color of state law, and is sued in an individual capacity.

9. Defendant Shannon L. Forgit is a DCF Central Region employee, held DAVID credentials issued through the Florida Department of Children and Families ("DCF"), and is the user FLHSMV identifies for the queries attributed to that Defendant below (Exhibit 1). Shannon L. Forgit is a "person" under 18 U.S.C. § 2725(2), acted under color of state law, and is sued in an individual capacity.

10. Defendant Hughlan Bennett is the Florida Department of Children and Families ("DCF") employee FLHSMV lists as the agency's DAVID point of contact for these queries (Exhibit 1). Upon information and belief, Hughlan

Bennett was responsible for administering and auditing the agency's DAVID users. Hughlan Bennett is sued individually.

11. Defendant the Secretary of the Florida Department of Children and Families is sued in an official capacity only, for prospective declaratory and injunctive relief under 42 U.S.C. § 1983 to stop ongoing impermissible access to Plaintiff's record and to compel an audit. *Ex parte Young*, 209 U.S. 123 (1908). No damages are sought from the State or its agency, which the DPPA excludes from its definition of "person." 18 U.S.C. § 2725(2). The officer is designated by title. Fed. R. Civ. P. 17(d).

12. Defendants John Does 1–5 are persons, presently unknown, who requested, disclosed, or used the results of the queries alleged below for a purpose not permitted by § 2721(b). Plaintiff will substitute names when identified.

## FACTS

### A. DAVID and the Driver's Privacy Protection Act

13. The Driver and Vehicle Information Database ("DAVID") is maintained by the Florida Department of Highway Safety and Motor Vehicles ("FLHSMV"). DAVID contains "personal information" drawn from "motor vehicle records" within the meaning of 18 U.S.C. § 2725(1) and (3), including a person's name, address, date of birth, driver license number, driver license photograph and

scanned driver license image, signature, driver history, vehicle registrations, and address history.

14. Florida law makes DAVID information confidential and allows its release only as the DPPA permits. Fla. Stat. § 119.0712(2). FLHSMV grants DAVID access to an agency only under a written memorandum of understanding in which the agency agrees, among other things, to restrict each user's access to permissible purposes, to designate a point of contact, to monitor and audit its users' queries, and to act on misuse.

15. FLHSMV logs every DAVID query. Its audit report identifies, for each query, the user, the user's agency, the date and time to the second, the "purpose" the user selected or typed, and each DAVID page viewed. The "purpose" entry is the user's own description. It is not a finding that the query served a purpose permitted by 18 U.S.C. § 2721(b).

16. The DPPA provides that "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains." 18 U.S.C. § 2724(a). The permitted purposes are those listed in § 2721(b). They are exceptions to a general rule of nondisclosure and are read narrowly. *Maracich v. Spears*, 570 U.S. 48, 60 (2013). A law-enforcement badge is not itself a permissible purpose: § 2721(b)(1) reaches use by a government agency

only "in carrying out its functions." An employee who runs a person for curiosity, personal interest, a private dispute, or to gather information on a critic or litigant is not carrying out an agency function.

17. A plaintiff need not prove actual damages to recover under § 2724. *Kehoe v. Fidelity Fed. Bank & Trust,* 421 F.3d 1209, 1212–17 (11th Cir. 2005). The DPPA right is also enforceable under 42 U.S.C. § 1983 against persons acting under color of state law, and its text gives fair warning that obtaining motor-vehicle-record information for an impermissible purpose is unlawful. *Collier v. Dickinson,* 477 F.3d 1306, 1310–12 (11th Cir. 2007). A sheriff's deputy who runs a person in DAVID without a permissible purpose is liable under § 2724. *Ela v. Destefano,* 869 F.3d 1198 (11th Cir. 2017).

## B. The queries

18. Plaintiff learned of the queries alleged here only by requesting FLHSMV's audit of his own record. FLHSMV released four audit reports in response to Public Record Requests P845279 (April 22, 2025), P949956-040926 (May 5, 2026), P995953 (August 31, 2026), and P001896-091026 (September 25, 2026). Together they cover April 9, 2022 through September 15, 2026, except April 10 through May 19, 2026, which Plaintiff has requested. (Exhibit 1.) They record 128 query lines on Plaintiff's record by employees of eight agencies.

| Date | Time (ET) | User | Purpose entered | DAVID page |
|---|---|---|---|---|
| 05/30/2024 | 09:08:57 AM | Robert Watts | 004 - Child or Adult | Record Detail |

| | | | | |
|---|---|---|---|---|
| | | | Protective Services | |
| 05/30/2024 | 09:08:57 AM | Robert Watts | 004 - Child or Adult Protective Services | Vehicles |
| 05/30/2024 | 09:09:53 AM | Robert Watts | 004 - Child or Adult Protective Services | Driver History |
| 06/01/2024 | 01:40:16 PM | Jennifer Ramirez | 004 - Child or Adult Protective Services | Record Detail |
| 06/01/2024 | 01:40:16 PM | Jennifer Ramirez | 004 - Child or Adult Protective Services | Vehicles |
| 06/01/2024 | 01:40:31 PM | Jennifer Ramirez | 004 - Child or Adult Protective Services | Photo and Signature Array |
| 06/01/2024 | 01:40:43 PM | Jennifer Ramirez | 004 - Child or Adult Protective Services | Addresses |
| 06/07/2024 | 02:52:25 PM | shannon L forgit | 004 - Child or Adult Protective Services | Record Detail |
| 06/07/2024 | 02:52:26 PM | shannon L forgit | 004 - Child or Adult Protective Services | Vehicles |
| 06/07/2024 | 02:52:27 PM | shannon L forgit | 004 - Child or Adult Protective Services | Addresses |
| 06/07/2024 | 02:53:05 PM | shannon L forgit | 004 - Child or Adult Protective Services | Prior Vehicles |

19. No intake, case, or report number appears on any of the eleven lines. (Exhibit 1.) Upon information and belief, Plaintiff was not the alleged perpetrator in any DCF intake open on those dates, and no protective investigation required his photograph and signature, driver history, or prior vehicles.

20. The three sessions came on May 30, June 1 (a Saturday), and June 7, 2024 — during the period in which Plaintiff was pressing child-safety concerns in Case No. 2019DR003499, where on July 9, 2024 the court found he had "sufficiently alleged that the minor child is in imminent danger" and barred the child's contact with the adult Plaintiff had reported.

**C. Context: the same record across agencies**

21. Between 2022 and 2026, users at eight agencies ran Plaintiff's record 128 times; 83 of those lines were run by at least seventeen Polk County Sheriff's Office users, most with no case number. (Exhibit 1.) Plaintiff's petitioning in 2025–2026 is summarized in Exhibit 4.

22. The audit also shows how a DAVID line looks when it is tied to an identifiable matter. On April 2, 2025 at 2:15:55–2:15:59 PM, a Sumter County Sheriff's Office user, Sara Jan McGhee, ran Plaintiff three times under the purpose "036 - Verify Identity, 2025DR2205" — the number of the Polk County civil injunction proceeding brought against Plaintiff by a private petitioner. (Exhibit 1.)

23. At 11:18 AM that same day, $1,500.00 was paid by telephone order to "SUMTER CTY SHERIFF BENEV," 1010 N. Main Street, Bushnell, Florida. (Exhibit 2.) The Sumter County Sheriff's Office logged receipt of the 2025DR2205 papers at 2:08 PM; its worksheet was printed at 2:15 PM; the DAVID query followed at 2:15:55 PM; and service was made at 3:52 PM. Florida charges no fee to file a petition for a domestic-violence injunction, Fla. Stat. § 741.30(2)(a), and federal grant conditions require that petitioners bear no cost for service of a protection order, 34 U.S.C. § 10450. The payer and the purpose of the payment are the subject of Plaintiff's pending Chapter 119 request of October 16, 2026. Plaintiff's claims arising from the Sumter query are brought in a separate action;

the facts are pleaded here because they show DAVID being used in connection with the same Polk County family litigation and because they bear on notice, pattern, and the credibility of the "verify identity" entries pleaded in this action.

24. On July 8, 2026, Plaintiff filed in Fleischman v. Polk County Clerk of Court, No. 8:25-cv-03229 (M.D. Fla.), his sworn declaration and supporting exhibits describing communications he received from Randall Seth Richey — the adult Plaintiff had reported as a danger to his son — that included threats against Plaintiff, "photographs of my vehicle and a photograph of my driver's license," and statements that Flock license-plate-reader infrastructure was tracking Plaintiff's movements. Plaintiff did not give those images to Mr. Richey and does not know how he obtained them. (Exhibit 3, Decl. ¶¶ 4–9.) One message asked, in substance, "If law enforcement runs this tag through flock is it going to show up?"

25. A driver license image is maintained in DAVID and is displayed by the "Display DL Scanned Document" and "Photo and Signature Array" pages. The FLHSMV audit records views of those pages of Plaintiff's record by law-enforcement and agency users. (Exhibit 1.) Plaintiff does not allege that any named Defendant supplied Mr. Richey with Plaintiff's information. He alleges that the unexplained queries pleaded here, made while a private adversary was displaying Plaintiff's license and vehicle back to him with threats, compounded his fear, and he will seek discovery of every disclosure of the query results.

**Injury**

26. Each impermissible query invaded Plaintiff's privacy in his address, vehicle, driver license, and identity information — the concrete, historically recognized harm the DPPA protects against. Each also caused him fear for his safety and his son's, emotional distress, loss of time, and the out-of-pocket cost of public-records requests needed to learn who was looking at his record.

27. This action is timely. A DPPA claim, and a § 1983 claim resting on the DPPA, must be brought within four years after the query. 28 U.S.C. § 1658(a); *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1122–26 (11th Cir. 2017). Every query sued on here occurred within four years before the filing of this Complaint; the earliest was on 05/30/2024. Queries older than four years are pleaded only as background and pattern evidence.

**COUNT I — DRIVER'S PRIVACY PROTECTION ACT, 18 U.S.C. § 2724**

(Against Defendant Robert Watts)

28. Plaintiff realleges the paragraphs under "Facts" above.

29. Defendant Robert Watts knowingly obtained personal information pertaining to Plaintiff from a motor vehicle record by running and viewing Plaintiff's DAVID record on 05/30/2024 at 09:08:57 AM–09:09:53 AM ET (3 audit lines; purpose entered: "004 - Child or Adult Protective Services"; pages: Record Detail, Vehicles, Driver History).

30. Each query was made for a purpose not permitted under 18 U.S.C. § 2721(b). No query was made in carrying out an agency function concerning Plaintiff; none was made in connection with a court or agency proceeding involving Plaintiff in which the query was needed; and none fits any other subsection of § 2721(b).

31. Defendant Robert Watts acted willfully or in reckless disregard of the law. DAVID access is conditioned on training in, and acknowledgment of, its permissible-use restrictions, and each query was run on a person who was not the subject of any matter assigned to Defendant Robert Watts that required it.

32. Plaintiff is entitled to the remedies in 18 U.S.C. § 2724(b).

## COUNT II — DRIVER'S PRIVACY PROTECTION ACT, 18 U.S.C. § 2724

(Against Defendant Jennifer Ramirez)

33. Plaintiff realleges the paragraphs under "Facts" above.

34. Defendant Jennifer Ramirez knowingly obtained personal information pertaining to Plaintiff from a motor vehicle record by running and viewing Plaintiff's DAVID record on 06/01/2024 at 01:40:16 PM–01:40:43 PM ET (4 audit lines; purpose entered: "004 - Child or Adult Protective Services"; pages: Record Detail, Vehicles, Photo and Signature Array, Addresses).

35. Each query was made for a purpose not permitted under 18 U.S.C. § 2721(b). No query was made in carrying out an agency function concerning

Plaintiff; none was made in connection with a court or agency proceeding involving Plaintiff in which the query was needed; and none fits any other subsection of § 2721(b). Her session added the Photo and Signature Array and Addresses pages.

36. Defendant Jennifer Ramirez acted willfully or in reckless disregard of the law. DAVID access is conditioned on training in, and acknowledgment of, its permissible-use restrictions, and each query was run on a person who was not the subject of any matter assigned to Defendant Jennifer Ramirez that required it.

37. Plaintiff is entitled to the remedies in 18 U.S.C. § 2724(b).

**COUNT III — DRIVER'S PRIVACY PROTECTION ACT, 18 U.S.C. § 2724**

(Against Defendant Shannon L. Forgit)

38. Plaintiff realleges the paragraphs under "Facts" above.

39. Defendant Shannon L. Forgit knowingly obtained personal information pertaining to Plaintiff from a motor vehicle record by running and viewing Plaintiff's DAVID record on 06/07/2024 at 02:52:25 PM–02:53:05 PM ET (4 audit lines; purpose entered: "004 - Child or Adult Protective Services"; pages: Record Detail, Vehicles, Addresses, Prior Vehicles).

40. Each query was made for a purpose not permitted under 18 U.S.C. § 2721(b). No query was made in carrying out an agency function concerning Plaintiff; none was made in connection with a court or agency proceeding

involving Plaintiff in which the query was needed; and none fits any other subsection of § 2721(b). Her session added Addresses and Prior Vehicles.

41. Defendant Shannon L. Forgit acted willfully or in reckless disregard of the law. DAVID access is conditioned on training in, and acknowledgment of, its permissible-use restrictions, and each query was run on a person who was not the subject of any matter assigned to Defendant Shannon L. Forgit that required it.

42. Plaintiff is entitled to the remedies in 18 U.S.C. § 2724(b).

## COUNT IV — DRIVER'S PRIVACY PROTECTION ACT, 18 U.S.C. § 2724 (USE AND DISCLOSURE)

(Against John Does 1–5)

43. Plaintiff realleges the paragraphs under "Facts" above.

44. Upon information and belief, and as Plaintiff expects discovery to show, each of these Defendants knowingly requested, disclosed, or used the results of the queries alleged for a purpose not permitted by § 2721(b). Fed. R. Civ. P. 11(b)(3). Plaintiff is entitled to the remedies in § 2724(b).

## COUNT V — 42 U.S.C. § 1983 (DEPRIVATION OF RIGHTS SECURED BY THE DPPA)

(Against Robert Watts, Jennifer Ramirez, Shannon L. Forgit, and John Does 1–5, individually)

45. Plaintiff realleges the paragraphs under "Facts" above.

46. The DPPA right is enforceable under § 1983. *Collier*, 477 F.3d at 1310–12. Acting under color of state law, each Defendant deprived Plaintiff of it by the conduct alleged, with fair warning from the statute's text.

**COUNT VI — 42 U.S.C. § 1983 (SUPERVISORY LIABILITY)**

(Against Hughlan Bennett, individually)

47. Plaintiff realleges the paragraphs under "Facts" above.

48. Hughlan Bennett was responsible for administering and auditing the agency's DAVID users, failed to audit queries that carried no documented need, and that failure was causally connected to the deprivations alleged. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

**COUNT VII — 42 U.S.C. § 1983 (PROSPECTIVE RELIEF)**

(Against the Secretary of the Florida Department of Children and Families, in an official capacity)

49. Plaintiff realleges the paragraphs under "Facts" above.

50. Plaintiff's record remains reachable in DAVID by the agency's users, and the agency has not audited the queries alleged. Plaintiff is entitled to a declaration and to prospective injunctive relief requiring the agency to audit every query of his record against a documented permissible purpose, to report the result, and to refrain from further access except for a documented purpose permitted by § 2721(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and:

(a) declare that each Defendant named in Counts I through the last individual-capacity DPPA count knowingly obtained Plaintiff's personal information from a motor vehicle record for a purpose not permitted by 18 U.S.C. § 2721(b);

(b) award against each such Defendant actual damages, but not less than liquidated damages of $2,500, for each violation proven, 18 U.S.C. § 2724(b)(1), or such liquidated damages as the Court determines under § 2724(b)(1), see *Ela v. Destefano*, 869 F.3d 1198 (11th Cir. 2017);

(c) award punitive damages against each individual Defendant upon proof of willful or reckless disregard of the law, 18 U.S.C. § 2724(b)(2), and under § 1983;

(d) award compensatory damages under 42 U.S.C. § 1983;

(e) award reasonable litigation costs, and attorney's fees if counsel appears, under 18 U.S.C. § 2724(b)(3) and 42 U.S.C. § 1988;

(f) grant preliminary and equitable relief under 18 U.S.C. § 2724(b)(4) and 28 U.S.C. § 2201, including an order (i) requiring preservation and production of all DAVID audit records, internal-audit and quality-control

records, CAD and dispatch records, case and assignment records, and communications concerning every query of Plaintiff's record; (ii) requiring the agency to audit every query of Plaintiff's record against a documented, permissible purpose and to report the result to the Court; and (iii) enjoining further access to Plaintiff's motor-vehicle-record information except for a documented purpose permitted by § 2721(b);

(g) award pre- and post-judgment interest; and

(h) grant such further relief as is just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable. Fed. R. Civ. P. 38.

Dated: ~~October 19, 2026~~.

October 23, 2026

Respectfully submitted,

/s/ Daniel Benjamin Fleischman
Daniel Benjamin Fleischman, pro se
648 Merchant Street, #1026 (mailing address)
Ambridge, PA 15003
(724) 462-5730
OperationReunification@gmail.com

## VERIFICATION

I, Daniel Benjamin Fleischman, declare under penalty of perjury under the laws of the United States of America that I have read this Verified Complaint; that the factual allegations in it concerning me and my own acts are true and correct of

my personal knowledge; that the contents of the government records attached as exhibits are accurately described; and that allegations stated on information and belief are believed by me to be true. 28 U.S.C. § 1746.

Executed on ~~October 19, 2026~~.
October 23, 2026

Daniel Benjamin Fleischman